IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTRAY A. WILLIAMS, | : | No. 3:25cv75 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| C.O. ROBBIN ADAMS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Montray Williams ("Williams"), an inmate who was confined, at all relevant times, at the Franklin County Jail, in Chambersburg, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Named as Defendants are retired Correctional Officer Robbin Adams, the Franklin County Jail, and three John Doe individuals. Along with his complaint, Williams submitted a motion to proceed in forma pauperis. (Doc. 2).

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the motion to proceed in forma pauperis will be granted, and the complaint will be dismissed as barred by the statute of limitations.

---

[1] Williams is currently confined at the State Correctional Institution, Houtzdale, Pennsylvania. (See Doc. 1).

I.   **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2)[2]; 28 U.S.C. § 1915A[3]. The court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

---

[2] 28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   (A) the allegation of poverty is untrue; or
   (B) the action or appeal—
      (i)  is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

II. **The Complaint**

The allegations of the complaint pertain to events that occurred at the Franklin County Jail from 2013 through 2018. (Doc. 1, at 4). In 2013, Williams asserts that he "had a visit from a gay friend." (Id.). After this visit, Williams alleges that Correctional Officer Adams verbally and sexually harassed him. (Id.). Williams seemingly alleges that Correctional Officer Adams failed to comply with the Prison Rape Elimination Act ("PREA"). (Id. at 5). He seeks monetary relief. (Id.).

III. **Discussion**

"In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). The statute of limitations for personal injury actions in Pennsylvania is two years. See id.; Pa. Cons. Stat. Ann. § 5524. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp., 142 F.3d at 599.

The complaint was filed in January 2025. (Doc. 1). The claims therein are governed by a two-year statute of limitations. Accordingly, any conduct prior to

January 2023 is beyond the statute of limitations and may not form the basis of liability.

While somewhat sparse, Williams alleges that he was subjected to verbal and sexual harassment by Correctional Officer Adams from 2013 through 2018. (Doc. 1, at 4). Williams' claims cannot succeed because he is barred, on statute of limitations grounds, from asserting his allegations. See Wallace v. Kato, 549 U.S. 384, 388 (2007) (holding the plaintiff could have filed § 1983 suit as soon as the allegedly wrongful act occurred). As such, the Court will dismiss his claims with prejudice.[4]

## IV. Leave to Amend

The Court must next determine whether Williams should be granted leave to file an amended complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for

---

[4] In his complaint, Williams also alleges, albeit broadly, that Defendants violated the "PREA." (Doc. 1, at 5). To the extent that Williams seeks to assert any claims pursuant to the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, et seq., which is commonly referred to as the PREA, the Court finds that these claims are without legal merit. Simply stated, this Act does not provide a private right of action and, as a result, even if Williams' claims were not barred by the statute of limitations, he is prohibited from asserting a claim pursuant to this Act. See, e.g., Williams v. Wetzel, 827 F. App'x 158, 162 (3d Cir. 2020) (unpublished) (concluding that the district court did not err in rejecting the plaintiff's stand-alone civil claims under the PREA, because the plaintiff had failed to identify a private right of action).

amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that it would be futile to grant Williams leave to amend because his claims are barred by the statute of limitations. Moreover, even if not time-barred, it would be futile to grant Williams leave to amend his PREA claims because, as discussed above, this Act does not create a private right of action.

V.  **Conclusion**

Consistent with the foregoing, the Court will dismiss Williams' complaint. A separate Order shall issue.

Date: January 14, 2025

_____
JUDGE JULIA K. MUNLEY
United States District Court